UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PREMIERE CREDIT OF ) | | |
| NORTH AMERICA, LLC, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:04-cv-1391-LJM-WTL | |
| ) | | |
| AAT FABRICATION, INC., ) | | |
| Defendant. ) | | |

### ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT

This matter comes before the Court on Defendant's, AAT Fabrication, Inc. ("AAT"), Motion for Relief From Default Judgment and Motion to Dismiss the Complaint for Lack of Personal Jurisdiction Over Defendant against Plaintiff, Premiere Credit of North America, LLC ("Premiere Credit"). The issues have been fully briefed by the parties and the motion is ripe for ruling.

For the reasons stated herein, the Court **DENIES** Defendant's motions.

### I. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

AAT brings forth a 12(b)(2) motion to dismiss for lack of personal jurisdiction.[1] In a thoroughly confusing manner, replete with sentence fragments, improper citation, and a general lack

---

[1] In its reply brief, AAT also argues for dismissal based on insufficiency of process under Federal Rule of Civil Procedure 12(b)(4) and insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5), but did not raise such affirmative defenses in its original 12(b) motion and are therefore waived. The Court will not consider new and independent arguments or theories of relief that were not raised in the original motion. *See, e.g., Hentosh v. Herman M. Finch Univ. of Health Sci./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999) ("Arguments not raised in an opening brief are waived.").

of structure, AAT argues that it has never done business with anyone, had a sales organization in, nor solicited business in Indiana. Def.'s Mot. at 3, 5. Premiere Credit argues that AAT's actions in the State were in performance of its obligations under the contract's warranty provision and the cause of action is, at least in part, based upon breach of that contract. More specifically, Premiere Credit asserts that the Court has personal jurisdiction over AAT under Indiana Trial Rules 4.4(a)(1).(2), and (4).

### A. FACTUAL BACKGROUND

On or about January 4, 2004, AAT (a California Corporation) entered into a written contract ("Contract") to manufacture an aquarium tank ("Tank") for Premiere Credit (an Indiana Limited Liability Company). AAT was aware that the Tank was to be used by Premiere Credit in the State of Indiana. The Contract provided a five-year warranty provision that provided for, *inter alia*, on-site repair of the Tank. Upon arrival at the offices of Premiere Credit, the Tank was found to be defective. On or about August 14th or 15th, two AAT employees traveled from California to Indiana to perform repair work under the warranty. Shortly thereafter, Premiere Credit filed this suit for breach of contract, breach of warranty, and breach of implied warranty.

### B. STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires the dismissal of a claim where jurisdiction over the defendant is lacking. In considering a Rule 12(b) motion, the Court examines the sufficiency of the Complaint and not the merits of the lawsuit. The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences bearing on personal jurisdiction

in favor of the plaintiff. The Court may receive and weigh affidavits, exhibits, or other evidence submitted by the parties, but must construe all facts concerning jurisdiction, including factual disputes, in favor of the non-movant. *See Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984). Dismissal is appropriate only if it appears to a certainty that the plaintiff can establish no basis for personal jurisdiction.

When subject matter jurisdiction is based on diversity of citizenship, as it is here, a court has personal jurisdiction over a nonresident defendant only if a state court would have jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). Indiana's long-arm statute is embodied in Indiana Trial Rule 4.4(A).[2] As amended in 2003, Rule 4.4(A)

---

[2] Indiana Trial Rule 4.4(a) provides as follows:

Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:

   (1) doing any business in this state;

   (2) causing personal injury or property damage by an act or omission done within this state;

   (3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

   (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;

   (5) owning, using, or possessing any real property or an interest in real property within this state;

provides for jurisdiction over defendants on any basis not inconsistent with the state or federal constitutions. Therefore, what was temporarily a two-step inquiry requiring an analysis of both state statutory authority and federal due process prerequisites has now become once again a single inquiry into the limits of due process. *See Richards & O'Neil, LLP v. Conk*, 774 N.E.2d 540, 550 n. 6 (Ind. Ct. App. 2002) (Najam, J., concurring). Stated another way, "the first prong of the inquiry collapses into the second prong, and the only issue is whether the exercise of jurisdiction over [AAT] comports with federal due process." *Litmer v. PDQUSA.com*, 326 F. Supp. 2d 952, 955 (N.D. Ind. 2004) (citing *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998)).

Due process requires that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction under Indiana Trial Rule 4.4(A) may be either general or specific. *See, e.g., Alpha Tau Omega v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 956 (S.D. Ind. 2002). General jurisdiction is proper when a defendant has "continuous and

---

(6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made;

(7) living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state; or

(8) abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state.

systematic business contacts" with a state and it allows a defendant to be sued in that state regardless of the subject matter of the lawsuit. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). On the other hand, a state may exercise specific jurisdiction when the defendant has a lesser degree of contact with the state, but the litigation arises out of or is related to those contacts. *Id*. at 414 n. 8. This is a specific jurisdiction case.

Due process requires that a non-resident defendant must have established its contacts with the forum state by purposefully availing itself of the privilege of conducting business there. *See Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). In other words, the defendant's conduct and connection with the forum state should be such that it reasonably anticipates being haled into court there. *See Burger King*, 471 U.S. at 474.

### C. ANALYSIS

The Court concludes that Federal due process is satisfied in this interstate commercial contract and breach of warranty dispute. AAT had contacts with Indiana sufficient to support specific jurisdiction in this case. The submitted evidence reveals that (1) AAT entered into a Contract with Premiere Credit to manufacture the Tank, (2) the Contract contained a five-year warranty provision,[3] and (3) that AAT was aware that the tank would be shipped to and located in

---

[3] The contract between the parties reads as follows:

SELLER guarantees the Aquarium against any leakage due to defective

5

Indiana.[4]  Representatives of AAT traveled to Indiana to inspect and repair the aquarium on or about August 14-15, 2004, in partial performance of their duties under the warranty provision of the Contract.  By coming to the State, *see* Def.'s Exh. 9, ¶¶ 3-7, AAT's contacts with Indiana were purposeful rather than random or fortuitous, and those contacts gave AAT fair warning that it could be subject to suit in Indiana on disputes arising from those contacts.  *See F. McConnell Sons, Inc. v. Target Data Sys., Inc.*, 84 F. Supp. 2d 961, 968 (N.D. Ind. 1999) ("[b]oth the Seventh Circuit and this Court have long recognized that a defendant's visits to the forum state to check on or assist in the performance of a contract demonstrate the requisite purposeful availment of the privilege to conduct business in the forum state."); *Wisconsin Elect. Mfg. Co. v. Pennant Prods., Inc.*, 619 F.2d at 677-67 (7th Cir. 1980) (holding that personal jurisdiction over defendant existed where

---

> workmanship or defective product, for a period of five years from the date that PURCHASER takes possession of the tank . . . [and i]f the tank is found to be defective . . . SELLER shall have the opportunity to Inspect [sic] and repair or replace the Aquarium within 21 days or other reasonable time after notice is received.  SELLER may repair or replace the Aquarium at Purchser's office, or opt to have the Aquarium returned to Sellers [sic] place of business for repair. . . .

Def.'s Exh. 2, Exh. A, at ¶ 11(a) and (e).

[4]  Before a deposit was given for the construction of the tank, Philip Squier ("Squier") (Premiere Credit's representative) visited AAT's manufacturing facility to see that AAT was capable of performing the construction of the tank.  Paddock testified in his affidavit:

> My best remembrance is that [Squier] came out on two other occasions, once to inspect the tank to make sure it was ready to ship and to arrange for and pay the cost of shipping the tank as it was Premiere's responsibility to accept the tank at AAT's facility and have it shipped by Premiere [Credit] *to its Indiana office* at Premiere's cost and expense.

Def.'s Exh. 2. ¶ 6 (emphasis added).  AAT was on notice that the tank would be shipped to and used in Indiana, where the aforementioned five-year warranty would be in effect.

defendant's only contacts with the forum state were a per-contract negotiation visit and a post-contract performance negotiation visit); *United States Gypsum Co. v. All Tank Sales & Supply Co.*, 977 F. Supp. 1340, 1343 (N.D. Ill. 1997) (defendant's visit to Illinois during the course of performance is a significant contact with the state) (quotations omitted); *Enviroplan, Inc. v. W. Farmers Elec. Coop.*, 900 F. Supp. 1055, 1060-61 (7th Cir. 1995) (internal citations omitted) (personal jurisdiction established by two visits to Indiana by representatives of the defendant for negotiations relating to performance under the contract); *Hexacomb Corp. v. Damage Prevention Prods. Corp.*, 905 F. Supp. 557, 562-63 (7th Cir. 1995) (defendant's trip to Indiana to check on the progress of the building of a machine "is a manifest indication that [defendant[ purposefully availed itself of the privilege to conduct business in Indiana."). AAT's knowledge that the Tank would be shipped to and used in Indiana and sending two AAT two employees to Indiana to perform (or attempt to perform) contractual obligations under the Contract's warranty provision, provides sufficient minimum contacts for personal jurisdiction.

Having found sufficient minimum contacts, AAT escapes jurisdiction only by making a compelling case that forcing it to litigate in the forum state would violate traditional notions of fair play and substantial justice. *See Burger King*, 471 U.S. at 477. AAT has not submitted evidence demonstrating that forcing it to litigate in this forum would violate traditional notions of fair play and substantial justice. Though it is always somewhat burdensome to defend a lawsuit away from one's forum state, it is not a burden that violates due process in this instance. *See Burger King*, 471 U.S. at 474 (explaining that modern transportation and communications mean it is usually not unfair or too burdensome to require a party to defend itself in a state in which it engages in economic activity); *Logan Productions*, 103 F.3d at 54; *see also Bd. of Trustees, Sheet Metal Workers' Nat'l*

7

*Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").

The evidence submitted to the Court shows that at least two AAT employees traveled to Indiana to undertake warranty repair work and planned to make a second trip to complete that work, *see* Def.'s Exh. 9, ¶¶ 3-7, and AAT would not suffer a significantly greater burden in defending this suit than it carries when it sends its employees to Indiana. Indiana has a legitimate interest in adjudicating a dispute related to contacts in the State, and the plaintiffs have an interest in obtaining convenient and effective relief. *See Burger King*, 471 U.S. at 482-83. In light of the substantial connection between AAT's purposeful contacts with this forum and Premiere Credit's claims, the exercise of personal jurisdiction over AAT is proper in this judicial district.

## II.  RELIEF FROM DEFAULT JUDGMENT

AAT also seeks relief from the Court's November 2, 2004, entry of Default Judgment for alleged "intrinsic fraud before the Court." *See* Def.'s Mot. at 1. AAT argues that relief should be granted because counsel of record for Premiere Credit, Attorney Douglas G. Abrams ("Attorney Abrams"), committed intrinsic fraud before the Court by moving for Judgment after he told counsel of record for AAT, William A. Francis ("Attorney Francis"), during a telephone conversation on September 13, 2004, that he did not consider service upon AAT's counsel service upon AAT. *See*

Def.'s Mot. at 1-3. The Motion does not specify the Rule under which it is based.[5]

### A. FACTUAL BACKGROUND

Attorney Abrams had hired Green's Attorney Service ("Green's") to make service upon AAT's CEO, Lloyd Paddock ("Paddock"). Attorney Abrams also served a Summons and Complaint was served on Attorney Francis on August 27, 2003, because they had been communicating regarding this matter. At the time Attorney Francis was served, Attorney Abrams was not aware that Attorney Francis was AAT's registered agent for service.

During a telephone conversation on September 13, 2004, Attorney Abrams told Attorney Francis that service upon an Attorney is not service upon the party; that serving him was a matter of courtesy; and he was still attempting to serve Paddock. Attorney Abrams was not then aware that Attorney Francis was AAT's registered agent for service -- a fact that Attorney Francis failed to disclose and claims to have been unaware of.

Green's was unable to serve Paddock and on September 15, 2004, Attorney Abrams decided to serve the registered agent by certified mail. In so doing, Attorney Abrams learned that Attorney Francis was AAT's registered agent for service. Now knowing that Attorney Francis was the registered agent for service, Attorney Abrams then considered AAT to be served and stated emphatically in bold letters in a letter dated September 15, 2005: **"It is my position that service has been perfected on AAT and the date for filing your answer or responsive pleading is**

---

[5] In it's reply brief, AAT introduces new theories for relief including Federal Rule of Civil Procedure 60(b)(1) mistake, inadvertence, surprise or excusable neglect, (4) the judgment is void, and (6) any other reason justifying relief from the operation of judgment to set aside Default Judgment. *See* Def.'s Rep. Br. at 1. Again, the Court will not consider new and independent arguments or theories of relief that were not raised in the original motion. *See* n. 1.

9

**running with no interruption."** Pl.'s Exh. 6 (emphasis in original). Attorney Francis then acknowledged the assertion of good service in a response letter dated September 17, 2004. *See* Pl.'s Exh. 10.

On September 21, 2004, Premiere Credit moved for default judgment. A few days later, the Court's September 24, 2005, Order granted Attorney Francis' Motion to Appear *pro hac vice*. After being admitted, Attorney Francis took no steps to contest the suit. The Court's November 2, 2004, Order entered Default Judgment for Premiere Credit for AAT's failure to plead or otherwise defend the action.

### B. STANDARDS

Two avenues of recourse are available to a party seeking post-judgment relief in the district court -- a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), or a motion to vacate judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Rule 59(e) allows the movant to bring to a court's attention a manifest error of law or fact, or newly-discovered evidence, *see Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000), while Rule 60(b) permits a party to seek relief on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b).

It is well-established that Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ. of Ford Hghts.*, 32 F.3d 1114, 1116 (7th Cir. 1994) (citations omitted). And relief under Rule 60(b) from a dismissal for lack of prosecution is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id*. To obtain relief, the party must prove by clear and

convincing evidence that (1) the party maintained a meritorious claim at trial and (2) because of the fraud, misrepresentation, or misconduct of the adverse party, (3) the party was prevented from fully and fairly presenting its case at trial. *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir. 1995).

### C. ANALYSIS

The only arguable basis for relief presented in AAT's motion is Rule 60(b)(3)'s "fraud." The Court will evaluate the motion under that Rule. The Court finds that Attorney Abrams' actions were far from fraudulent and AAT's accusation is baseless. The parties' submissions simply don't reveal fraud. True, "the philosophy of modern federal procedure favors trials on the merits," *A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.*, 461 F.2d 40, 43 (7th Cir. 1972) (internal quotation marks and citation omitted), and Rule 60(b) relief is granted more liberally in those cases where the relief is sought to vacate a default judgment, *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations . . . Thus, it is appropriate that [Rule 60(b)] be liberally applied in the context of default judgments. . . ."). And while "[d]efault judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful," *Dormeyer*, 461 F.2d at 43 (internal quotation marks and citation omitted), AAT failed to submit evidence, let alone clear and convincing evidence, of any of the requirements necessary for relief under Rule 60(b).

AAT failed to show (1) it had a meritorious defense, (2) that Premiere Credit or Attorney Abrams engaged in misconduct or acted fraudulently, and (3) that AAT was prevented from fairly

11

and fully presenting it's case at trial. Attorney Francis was aware no later than September 17, 2005, that he was the registered agent for AAT and had been served, yet he did nothing to defend the suit, nor proffer excuse to account for his misfeasance.[6] *See Popovich*, 71 F.3d at 699. Because AAT has not shown extraordinary circumstances that create a substantial danger that the underlying judgment was unjust, *see Dickerson*, 32 F.3d at 1116, the Court appropriately denies AAT's motion for relief from the Default Judgment under Rule 60(b).[7]

---

[6] AAT's briefing does not set forth any reason or excuse for the default, nor does it cite to supporting documentation. A careful review of all documents submitted to the Court reveals only Attorney Francis' tepid excuse that "I am a sole practitioner and the press of other work and the motion's [sic] being made prior to my being admitted didn't allow me time to process a Rule 12 motion or contest the motion for default." Francis Aff., ¶ 10. Such an explanation is more or less a Rule 60(b)(1) mistake, inadvertance, or excusable neglect claim, but as explained above in footnote 1, AAT failed to make such argument in it's original motion, and the Court must base this decision on the fraud allegation alone, for which AAT has not made a satisfactory showing. Therefore, the Court shall not engage in an analysis of whether Attorney Francis' negligence was excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

[7] AAT also argues, without citation to a Rule, insufficiency of process (Federal Rule of Civil Procedure 4(a)) as a basis for relief from the Court's Default Judgment. However, this is actually an affirmative defense under Rule 12(b).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's, AAT Fabrication, Inc., Motion to Dismiss for Lack of Personal Jurisdiction Over Defendant and **DENIES** the contemporaneously filed Motion for Relief from Default Judgment.  The November 2, 2004, Order, entering Default Judgment in favor of Plaintiff, Premiere Credit of North America, LLC, remains without change.

IT IS SO ORDERED this 5th day of May, 2005.

                                              LARRY J. McKINNEY, CHIEF JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed electronically to:

George Douglas Abrams
ABRAMS & WELDY, PA
abrams@abramsweldy.com

William Arthur Francis
cercasbob@att.net